CHRISTOPHER JUSTIN ROBINSON,

      Plaintiff,

      v.                                   Case No. 26-CV-1006

OCONTO SHERIFF'S DEPARTMENT,
OCONTO COUNTY JAIL, and
JAIL ADMINISTRATOR CAROL,

      Defendants.

---

## SCREENING ORDER

---

Plaintiff Christopher Justin Robinson, who is representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. Plaintiff also filed a motion for leave to proceed without prepayment of the filing fee. The Court has reviewed the motion and attached exhibits and concludes that Plaintiff lacks sufficient income and/or assets to pay the filing fee. Accordingly, the motion for leave to proceed without prepayment of the filing fee is granted.

### SCREENING OF THE COMPLAINT

District courts are permitted to screen every complaint, regardless of a plaintiff's fee status. 28 U.S.C. § 1915(e)(2)(B); *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing,

as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

### ANALYSIS

Plaintiff asserts that "staff" at the Oconto County Jail violated his Fourteenth Amendment right to medical care and protection from self-harm.  (*See* ECF No. 1 at 2.)  "To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citation omitted).  Plaintiff names the Oconto Sheriff's Department, the Oconto County Jail, and Jail Administrator Carol as defendants in this case.  As an initial matter, the Oconto Sheriff's Department and the Oconto County Jail are not suable entities under 42 U.S.C. § 1983.  *See Whiting v. Marathon Cty. Sheriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004); *Smith v. Knox Cty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012).  As for the Jail Administrator, a person is liable only if she caused or is responsible for the constitutional violation; there is no *respondeat superior* under § 1983.  *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). The complaint does not contain any allegations against Jail Administrator Carol; therefore, Plaintiff fails to state a claim against her.

If Plaintiff wishes to proceed with this lawsuit, he must (1) file an amended complaint that identifies the individual or individuals responsible for the complained of conduct, (2) list the individual or individuals in the caption of the amended complaint, and (3) explain what each individual did to allegedly violate Plaintiff's rights.  If Plaintiff does not know the names of the individuals who he believes violated his constitutional rights, Plaintiff can satisfy the personal involvement requirement by using John Doe placeholders.  If more than one unknown official was

2

involved, Plaintiff should use multiple John Doe placeholders as defendants in the caption (John Doe 1, John Doe 2, and so on) and then identify what each individual did or did not do to violate his constitutional rights in the body of the complaint.

If Plaintiff wishes to proceed, he must file an amended complaint curing the deficiencies in the original complaint as described herein. An amended complaint must be filed on or before **July 13, 2026**. Should Plaintiff choose to file an amended complaint, it will replace the original complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). If Plaintiff chooses not to file an amended complaint, the Court will dismiss this action based on his failure to diligently prosecute it.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed without prepaying the full filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the complaint submitted on June 5, 2026, is **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff must file an amended complaint on or before **July 13, 2026**. If he does not file an amended complaint, the Court will dismiss this action based on his failure to diligently prosecute it.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin on June 11, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge

3