UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHRISTOPHER JUSTIN ROBINSON,

Plaintiff,

v.

Case No. 26-CV-1006

CORRECTIONAL OFFICER JOHN DOE 2 and
CORRECTIONAL OFFICER JANE DOE 2,

Defendants.

## SCREENING ORDER

Plaintiff Christopher Justin Robinson, who is currently representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. On July 15, 2026, the Court screened Plaintiff's amended complaint and allowed him to proceed on Fourteenth Amendment claims. (ECF No. 6.) When Plaintiff prepared his amended complaint, he did not know the names of the defendants, so he used John/Jane Doe placeholders. On November 13, 2026, Plaintiff filed a proposed second amended complaint identifying the defendants. (ECF No. 17.) The Court accepts Plaintiff's second amended complaint and will screen it. The standard for screening a complaint was set forth in the Court's earlier screening orders and will not be repeated here.

### ALLEGATIONS OF THE SECOND AMENDED COMPLAINT

In screening a complaint, the Court accepts the allegations as true and draws all reasonable inferences in the plaintiff's favor. *See Schillinger v. Kiley*, 954 F.3d 990, 994 (7th Cir. 2020) (citation omitted). The Court notes, however, that the allegations in the second amended complaint are just that, allegations; they are Plaintiff's version of the events that have purportedly

occurred. With this in mind, the Court will summarize Plaintiff's allegations as presented in the second amended complaint.

At all times relevant, Plaintiff was housed at the Oconto County Jail. On March 18, 2022, Plaintiff told jail staff that he was not doing well mentally and wanted to speak with someone in crisis. Jail staff had Plaintiff talk to someone over the phone. Two days later, Plaintiff attempted to take his life by hanging himself in his cell with his sheets. Plaintiff was taken to Winnebago Mental Health Institute. On March 23, 2022, Plaintiff was transported back to the Oconto County Jail. (ECF No. 17 at 3.)

Plaintiff was placed in an observation room for at least one week before being transferred to a regular cell. Shortly thereafter, Plaintiff had a breakdown. Plaintiff self-harmed to the point where he had bruising on his ribs and face and broken ribs. Plaintiff asked to be put in a restraint or safety cell. Correctional Officer Roberta Longsine moved Plaintiff to a booking cell, but Plaintiff continued to harm himself. After Plaintiff jumped off the bed and slammed his head on the wall, CO Longsine came to talk to Plaintiff. Plaintiff begged to be put in a restraint chair. Jail staff put Plaintiff in a restraint chair improperly by handcuffing Plaintiff behind his back. Plaintiff was only in the restraint chair for 20 minutes, and he could not talk to mental health staff during that time. After Plaintiff was removed from the restraint chair, jail staff put Plaintiff back into a booking cell, and Plaintiff went to sleep. (*Id.*)

When Plaintiff woke up, he continued self-harming. Plaintiff did not receive his medications properly, and he smeared feces and urinated on the floor. In the morning, crisis came and talked to Plaintiff, and he was sent to Winnebago Mental Health Institute. After his return to the Oconto County Jail, on April 29, 2022, Plaintiff told Lt. Mary Ruechel that he was not feeling safe and asked to be put in a safety cell. Lt. Ruechel informed Plaintiff that because he was already

in an observation cell, he did not need to be put into a safety cell. Plaintiff then began to self-harm by punching himself in front of Lt. Ruechel. Lt. Ruechel told Plaintiff he would wear himself out and only hurt himself by doing that. She transferred Plaintiff to a booking cell, but Plaintiff continued to hurt himself until he fell asleep. (*Id.*)

## Analysis

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Plaintiff asserts that CO Longsine and Lt. Ruechel failed to help him during his mental health episodes and to prevent him from continuing to self-harm. It is unclear from the second amended complaint whether Plaintiff was a pretrial detainee or convicted inmate while he was incarcerated at the Oconto County Jail. For the purpose of screening the second amended complaint, the Court will assume he was a pretrial detainee and analyze his claims under the Fourteenth Amendment.

Under the Fourteenth Amendment's objective unreasonableness standard, once a pretrial detainee shows that a jail official's failure to act was purposeful and intentional, the sole question is an objective one: Did the defendant "take reasonable available measures to abate the risk of serious harm?" *Pittman v. Madison Cty.*, 108 F.4th 561, 566, 572 (7th Cir. 2024). "The objective reasonableness of a decision to deny medical care . . . does not consider the defendant's subjective views about risk of harm and necessity of treatment. Instead, the proper inquiry turns on whether a reasonable [jail official] in the defendant's shoes would have recognized that the plaintiff was seriously ill or injured and thus needed medical care." *Id.* at 570. Thus, to state a claim under the

Fourteenth Amendment standard, a plaintiff must allege that (1) the defendant acted purposefully, knowingly, or perhaps even recklessly, without regard to his subjective awareness of the risk of inaction and (2) the defendant's response to the medical condition was objectively unreasonable. *Id.* at 570–72. Plaintiff may proceed on a Fourteenth Amendment claim against CO Longsine and Lt. Ruechel based on his allegations that they did not properly respond to his self-harming behavior.

**IT IS THEREFORE ORDERED** that the Court accepts Plaintiff's second amended complaint (ECF No. 17) as the operative complaint. The Clerk's office is directed to update the docket accordingly.

**IT IS FURTHER ORDERED** that the Clerk's office terminate Oconto County Sheriff Todd Skarban as a defendant.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the second amended complaint and this order upon Mary Ruechel and Roberta Longsine pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2)–(3). Although Congress requires the Court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. The Court is not involved in the collection of the fee.

**IT IS FURTHER ORDERED** that Mary Ruechel and Roberta Longsine shall file a responsive pleading to the second amended complaint.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

Dated at Green Bay, Wisconsin on November 24, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge